UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**JOSEPH and WENDY KESSLAK,**

       **Plaintiffs,**

v.                                                                                           Case No. 3:08cv303 MCR/MD

**TOWER HILL PREFERRED INSURANCE
COMPANY, et al.,**

       **Defendants,**
_____/

**NICEVILLE INSURANCE AGENCY, INC.,**

       **Third-Party Plaintiff,**

v.

**LANDAMERICA TAX AND FLOOD SERVICES,
a subsidiary of LANDAMERICA LENDER SERVICES
f/k/a NATIONWIDE TOTALFLOOD SERVICES, INC.**

       **Third-Party Defendant.**
_____/

# O R D E R

Before the court is Third-Party Defendant LandAmerica Tax and Flood Services' ("LandAmerica") motion to dismiss (doc. 33) Niceville Insurance Agency, Inc.'s ("Niceville") third-party complaint.[1]  The third-party complaint seeks indemnification or contribution from LandAmerica for any money judgment Niceville may be required to pay to Plaintiffs Joseph

---

[1] LandAmerica, a flood zone determination company, was known as Nationwide TotalFlood Services, Inc. when the events alleged in the Kesslaks' amended complaint and Niceville's third-party complaint took place.  LandAmerica states the actual corporate entity that performs flood zone determinations is LandAmerica OneStop, Inc., a Virginia corporation, not LandAmerica Tax and Flood Services, which the Kesslaks identify as a California corporation.

and Wendy Kesslak ("the Kesslaks") for Niceville's alleged negligence in obtaining an insurance policy for the Kesslaks with an incorrect flood zone determination. After carefully considering the motion and Niceville's response, the court finds LandAmerica's motion should be granted.

**BACKGROUND**

According to the Kesslaks' amended complaint and Niceville's third-party complaint, the Kesslaks contacted Niceville, a Florida insurance agency, in April, 2006, to apply for a flood insurance policy on a condominium they planned to purchase in Destin, Florida.[2] Niceville completed an application form for the Kesslaks to obtain a policy issued by Tower Hill Preferred Insurance Company ("Tower Hill") through the National Flood Insurance Program ("NFIP").[3] In its third-party complaint, Niceville alleges Tower Hill required it to use a special software program owned and operated by LandAmerica in order to identify the proper flood zone designation for the Kesslaks' property. According to the software program, the condominium was in flood zone "X," and as a result LandAmerica issued a Standard Flood Hazard Determination form on April 24, 2006, with that flood zone designation. The form, which contains information required under 42 U.S.C. § 4104b, listed Niceville as the "contact" party and indicated flood insurance was available for the Kesslaks' condominium. (Third-Party Complaint at Ex. 2). On June 6, 2006, Tower Hill issued the Kesslaks a Standard Flood Insurance Policy ("the policy") covering the twelve-

---

[2] The Kesslaks purchased the property from Mike and Neita Blackledge, who had listed it with real estate agent Vanette Webb. These three individuals are Florida residents and are named as defendants in the Kesslaks' amended complaint.

[3] The NFIP is part of the National Flood Insurance Act of 1968, 42 U.S.C. § 4001 *et seq*. Congress created the program "because private insurance companies were unable to write flood insurance policies on an economically feasible basis and something had to be done to alleviate some of the extreme hardships suffered by flood victims." *Quesada v. Director, Federal Emergency Mgt. Agency*, 753 F.2d 1011, 1014 (11th Cir. 1985). The program is funded through the National Flood Insurance Fund established by FEMA. *See C.E.R. 1988, Inc. v. Aetna Cas. and Surety Co.*, 386 F.3d 263, 266 (3d Cir. 2004). Tower Hill, a Florida corporation, is a "Write Your Own" ("WYO") insurer under the NFIP. The Federal Emergency Management Agency ("FEMA"), which administers the program, has promulgated Standard Flood Insurance Policies. WYO companies like Tower Hill issue the policies in their own names as the insurer and arrange for the adjustment, settlement, payment and defense of all claims arising from the policies, with the federal government acting as the guarantor and reinsurer. *See* 44 C.F.R. § 62.23(d).

month period expiring June 6, 2007, and renewed it on that date for another period ending June 6, 2008. The policy's declaration page states the condominium was located in flood zone "X." On October 19, 2007, the Kesslaks suffered property damage from flood waters and subsequently filed a claim under the Tower Hill policy.[4] During the claims adjustment process, Tower Hill learned that LandAmerica's flood zone determination was incorrect and that the Kesslaks' property was actually located in a flood hazard zone known as "AE," not in the less flood-prone "X" area. As a result, Tower Hill refused coverage under the policy for damage to the Kesslaks' property. On July 16, 2008, the Kesslaks filed suit in this court pursuant to the National Flood Insurance Act ("NFIA"), 42 U.S.C. § 4001 *et seq.*, seeking coverage under the policy and alleging various state-law claims against Tower Hill, Niceville, the Blackledges, and Vanette Webb.[5] On January 16, 2009, Niceville filed its third-party complaint against LandAmerica, alleging a right to indemnity or contribution from LandAmerica for any liability Niceville might be have to the Kesslaks.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move for the dismissal of a cause of action for failure to state a claim upon which relief can be granted. In reviewing a motion pursuant to Rule 12(b)(6), the court determines only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *See Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 511 (2002) (quotation omitted). A court accepts the factual allegations in a complaint as true when ruling on a motion to dismiss under Rule 12(b)(6) and draws all inferences in the plaintiff's favor. *See Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999). Rule 12(b)(6) motions are analyzed in conjunction with the legal standard set forth in Rule 8,

---

[4] The record does not reflect when the Kesslaks filed a claim with Tower Hill.

[5] The Kesslaks subsequently filed an amended complaint on January 2, 2009. Counts I and II allege Tower Hill breached its policy and breached an implied covenant of good faith and fair dealing by denying coverage under the policy. Counts III and IV allege Tower Hill and Niceville were negligent in reaching an incorrect flood zone determination and supplying false information to the Kesslaks. Count V alleges the Blackleges and Vanette Webb were negligent in failing to disclose that part of the condominium was not eligible for flood insurance coverage.

which requires that a complaint give the defendant fair notice of what the plaintiff's claims are and the grounds on which they rest. *See Swierkiewicz*, 534 U.S. at 510-12. Consequently, a plaintiff need not plead detailed fact allegations to survive a Rule 12(b)(6) motion, but a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, the complaint must contain sufficient factual matter, accepted as true, to permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009).

**DISCUSSION**

Federal Rule of Civil Procedure 14 allows a defendant to serve a complaint "upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14(a). Niceville's third-party complaint asserts claims under Florida law, which requires a party seeking common law indemnity to show (1) its liability is merely vicarious and based solely on the wrong acts of another party, and (2) the party from whom indemnification is sought was at fault. *See Foley v. Luster*, 249 F.3d 1281, 1288 (11th Cir. 2001) (quotation omitted). Common law indemnity is an equitable remedy arising from the relationship between the parties involved. *See Rosenberg v. Cape Coral Plumbing, Inc.*, 920 So.2d 61, 65 (Fla. 2d DCA 2005). As a result, Florida courts have consistently held that no right of indemnity exists "absent a special relationship between [the parties] which would make the [third-party plaintiff] only vicariously, constructively, derivatively, or technically liable for the wrongful acts" of the third-party defendant. *Houdaille Industries, Inc. v. Edwards*, 374 So.2d. 490, 493 (Fla. 1979). Although courts have not established specific elements for such a relationship, they commonly look to whether a third-party defendant has breached a duty arising under a contract with the third-party plaintiff or breached some other duty implied by the parties' conduct. *See Seaboard Coast Line R.R. Co. v. Smith*, 359 So.2d 427, 428 (Fla. 1978).

LandAmerica argues Niceville's third-party complaint contains insufficient factual allegations to meet this standard. The court agrees Niceville's indemnity claim fails under

Rule 12(b)(6). Niceville alleges in general terms that LandAmerica "breached its duty by supplying incorrect flood zone information." (Third-Party Complaint at ¶ 13). However, the third-party complaint does not allege LandAmerica breached a duty owed to Niceville itself under either a contract or warranty or that an implied duty arose between the parties. Instead, Niceville admits LandAmerica had an "exclusive relationship" with Tower Hill; Tower Hill "required" Niceville to use LandAmerica's software program; and Tower Hill, not Niceville, paid LandAmerica for its services. (Third-Party Complaint at ¶¶ 11-12). The attachments to the third-party complaint show Niceville's only direct link to LandAmerica was the flood determination form, which names Niceville as the "contact" for LandAmerica's decision. As a result, the third-party complaint's allegations show Niceville and LandAmerica had minimal – and only indirect – contact with one another, and Niceville cites no case law suggesting such a tenuous relationship gives rise to vicarious liability. Florida law is clear that in the absence of a contract, duty to pay, or other "special relationship" between the parties, an indemnity claim should be dismissed. *See Brickell Biscayne Corp. v. WPL Assoc., Inc.*, 671 So.2d 247, 248-49 (Fla. 3d DCA 1996).[6] Ordinarily, a plaintiff is allowed to amend a complaint before a federal court dismisses it with prejudice. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991). Niceville's third-party complaint, however, demonstrates that Niceville's relationship with LandAmerica does not give rise to an indemnity claim under Florida law, and no amendment would yield a different result. Leave to amend is therefore not required. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (holding that dismissal with prejudice is appropriate when leave to amend would be futile).

Unlike indemnity, which shifts the entire liability to a third-party, contribution is a

---

[6] Florida courts have held that in the absence of vicarious liability a common law claim for indemnity is inconsistent with a plaintiff's negligence claim against the third-party plaintiff. A third-party plaintiff must be without fault in order to seek indemnity. *See Houdaille*, 374 So.2d at 493. However, if a third-party plaintiff has not breached a duty owed to the plaintiff, it has no liability to shift to a third-party defendant. Florida courts, therefore, have concluded "that it is a legal impossibility for a gross negligence claim . . . and a common law indemnity claim to be simultaneously successful because each claim requires proof of fault that cannot co-exist with the other claim's requirement." *Zeiger Crane Rentals, Inc. v. Double A Industries, Inc.*, — So.2d —, 2009 WL 2382320 (Fla. 4th DCA Aug. 5, 2009) (dismissing an indemnity claim because of such inconsistency); *see also Houdaille*, 374 So.2d at 493.

Case No. 3:08cv303/MCR/MD

partial payment by one defendant to another. *See Firestone Tire & Rubber Co. v. Thompson Aircraft Tire Corp.*, 353 So.2d 137, 139 (Fla. 3d DCA 1977). In Florida, the right to contribution arises under statutory law, *see* Fla. Stat. § 768.31,[7] and exists only when the party seeking contribution shares a common liability to the plaintiff with the third-party defendant. *See Horowitz v. Laske*, 855 So.2d 169, 174 (Fla. 5th DCA 2003). Citing *Audler v. CBC Innovis, Inc.*, 519 F.3d 239 (5th Cir. 2008) and this court's ruling in *Callahan v. Countrywide Home Loans, Inc.*, No. 3:06cv105, 2006 WL 2993178 (N.D. Fla. Oct. 20, 2006) (Vinson, J.), LandAmerica argues it is not a joint tortfeasor as a matter of law because the Kesslaks have no private right of action against LandAmerica under the NFIA.

*Audler* and *Callahan* follow the former Fifth Circuit's case of *Till v. Unifirst Fed. Sav. and Loan Assoc.*, 653 F.2d 152, 158 (5th Cir. 1981), in which the court held that no private right of action exists under the NFIA against a lender for failure to make an accurate flood zone determination. The Fifth Circuit pointed out that federal flood insurance is primarily designed to protect a lender's outstanding loan balance on property in a flood hazard area, not to insure a borrower's equity in the property. *See Till*, 653 F.2d at 159; *see also* 42 U.S.C. § 4012a(b). Consequently, a borrower is not one of the persons within the class of the NFIA's intended beneficiaries and has no private cause of action under the statute against a lender or a flood determination company for an incorrect assessment. *See Till*, 653 F.2d at 161; *Audler*, 519 F.3d at 251; *Paul v. Landsafe Flood Determination, Inc.*, 550 F.3d 511, 513 (5th Cir. 2008). This does not in itself foreclose the possibility of a state law cause of action against a company like LandAmerica. *Till* and *Audler* are clear, however, that a determination company's duties are exclusively defined by the NFIA; borrowers asserting common law causes of action against such companies must demonstrate that state law would recognize common law actions based on a breach of duty arising under a federal statute. *See Till*, 653 F.2d at 161; *Audler*, 519 F.3d at 248-49. As this court noted in *Callahan*, the vast majority of courts that have considered such state law claims

---

[7] Fla. Stat. § 768.31(2)(a) states, in relevant part: "[W]hen two or more persons become jointly or severally liable in tort for the same injury to person or property, or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them."

Case No. 3:08cv303/MCR/MD

have rejected them, based in part on principles of federalism.[8]  *See Callahan*, 2006 WL 2993178, at *1-2.

If this case presented the same facts as *Audler* and *Callahan*, the court would agree Niceville's contribution claim should be dismissed with prejudice.  However, the Kesslaks' amended complaint and Niceville's third-party complaint do not conform to the usual NFIA pattern.  Ordinarily, a lender is the entity who requests a SFHD from a flood zone determination company and is the SFHD's intended beneficiary.  The SFHD form itself contemplates submission to a lender; such forms, including the one issued by LandAmerica, state "[t]his flood determination is provided for the use and benefit of the entity named in Section 1, Box 1," which permits entry only of the "Lender Name and Address."  (Third-Party Complaint at Ex. 2).  However, Box 1 on the Kesslaks' SFHD is empty, and the form is unclear on its face if a lender was involved in the Kesslaks' purchase or who the intended beneficiary was in this case.  The statute suggests an entity other than a lender may be the beneficiary of a flood zone determination because a SFHD can be requested by "any lender (*or other person required to use the form*)."  42 U.S.C. § 4104b(d) (emphasis added).  Niceville's third-party complaint alleges Niceville was "required" to use LandAmerica's software because the Kesslaks themselves requested flood insurance, but neither the third-party complaint nor the amended complaint alleges who was "required to use the form."  (*See* Third-Party Complaint at ¶¶ 5-6).  As a result, Niceville's contribution claim must be dismissed because the court can only guess at the identity of the § 4104b(d) party who requested the SFHD, and a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 556.  The court recognizes, however, that "leave to amend is particularly appropriate following dismissal of a complaint for failure to state a claim."  *Thomas v.*

---

[8] *See, e.g.*, *Wentwood Woodside I, L.P. v. GMAC Comm. Mortgage Corp.*, 419 F.3d 310, 323 (5th Cir. 2005); *Ellis v. Countrywide Home Loans, Inc.*, 541 F. Supp.2d 833, 838 (S.D. Miss. 2008); *Peal v. N.C. Farm Bureau Mut. Ins. Co.*, 212 F. Supp.2d 508, 515-17 (E.D.N.C. 2002).  Although the Florida Supreme Court has not ruled on this issue, this court explained in *Callahan* that federalism concerns would likely prevent the Florida Supreme Court from recognizing a negligence claim against a flood determination company.  *See Callahan*, 2006 WL 2993178, at *2; *see also Audler*, 519 F.3d at 253 (reaching the same conclusion under Louisiana law).

*Farmville Mfg. Co., Inc.*, 705 F.2d 1307, 1307 (11th Cir. 1983). In light of the possibility that Niceville may be able to allege facts that meet the Rule 12(b)(6) standard, the court finds that Niceville should be allowed to file an amended third-party complaint on the contribution issue.

**CONCLUSION**

The court finds Niceville's third-party complaint does not allege facts sufficient to show above a speculative level that Niceville has an indemnity or contribution claim against LandAmerica.

Accordingly it is hereby ORDERED:

1. Third-Party Defendant LandAmerica's Motion to Dismiss (doc. 33) is GRANTED as it relates to Third-Party Plaintiff Niceville's claims for indemnity and attorney's fees, and these claims are DISMISSED WITH PREJUDICE; and

2. LandAmerica's Motion to Dismiss (doc. 33) is GRANTED as it relates to Niceville's claim for contribution, which is DISMISSED WITHOUT PREJUDICE. If Niceville wishes to amend its contribution claim against LandAmerica, it shall do so within ten (10) days of entry of this order.

**DONE AND ORDERED** this 28th day of September, 2009.

                                             *s/ M. Casey Rodgers*
                                            **M. CASEY RODGERS**
                                            **UNITED STATES DISTRICT JUDGE**